UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Criminal No. 3:00cr0067 AS** |
| | ) | |
| **RONALD KING JR.** | ) | |
| ***************************** | ) | |
| **RONALD KING JR.** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | **Civil No. 3:02cv0897 AS** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM AND ORDER*

This court takes full judicial notice of the proceedings in 3:00cr0067, as well as those in 3:02cv0897. With regard to the criminal proceedings against this defendant, Ronald King Jr., there are pro se filings made on March 30, 2007. This court is well aware of *Haines v. Kerner*, 404 U.S. 519 (1972). *See also McNeil v. United States*, 508 U.S. 106 (1993)*, Smith v. Fairman*, 862 F.2d 630 (7th Cir. 1988), *cert. denied*, 490 U.S. 1008 (1989), and *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). The basic message seems to be that there is some limited obligation to cut some slack to pro se litigants. It is extremely doubtful that the most liberal reading of *Haines* will enure to the benefit of Ronald King Jr. There have been aspects of his criminal case that have been pending in this court since at least 2000. Most importantly, with the assistance of an able and

experienced counsel, he entered a plea of guilty on or about February 2, 2001 and was sentenced on June 4, 2001.  The plea proceedings, entered into under oath, were under Rule 11, Federal Rules of Criminal Procedure.  When those proceedings are closely examined, much if not all of this case simply falls out.

This court is also well aware of the so-called mailbox rule as enunciated in *Houston v. Lack,* 487 U.S. 266 (1988), and this court is more than willing to give this petitioner-defendant the full benefit of that.  The plain, simple fact is that with an able and experienced lawyer at his side and under oath, this court has great difficulty in undermining this plea of guilty because of lack of knowingly and involuntarily pleading guilty.  More specifically, this petitioner again with an able lawyer at his side, freely and voluntarily waived his right to file appeal and so-called §2255 motions.  Most recently, *see United States v. Gibson*, 356 F.3d 765 (7th Cir. 2004) and, previously, *United States v. Jones*, 167 F.3d 1142 (7th Cir. 1999).  *See also Bridgeman v. United States*, 229 F.3d 589 (7th Cir. 2000).

The fact that a petitioner, or indeed a former defendant, is acting pro se does not mean that proceeding should not be carefully examined.  They have in this case.  The court notes that this defendant has cited *United States v. Tucker*, 404 U.S. 443 (1972), which has been the law as long as the undersigned has been a federal judge.  This court does not conceive there has been some violation of *Tucker* in this proceeding.  What is specifically before this court at this time is a motion to alter or amend under Rule 59,

2

Federal Rules of Civil Procedure, filed on March 30, 2007, now nearly a month ago.  It is the specific ruling of this case here and now that such motion is now **DENIED**.  **IT IS SO ORDERED**.

    **DATED:**  May 30, 2007

                                       **S/ ALLEN SHARP**
                                       **ALLEN SHARP, JUDGE**
                                       **UNITED STATES DISTRICT COURT**